# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re: Kearina S. Brizendine | ) | Case No.: 12-83686-CRJ-7 |
| SSN: xxx-xx-5968 | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |

## TRUSTEE'S MOTION TO REOPEN CASE

COMES NOW the Trustee, Tazewell T. Shepard, and requests that the Court enter an order reopening the above-styled Chapter 7 case. As support for this motion, the Trustee shows unto the Court as follows:

1. The Trustee has now discovered a pre-bankruptcy asset of the Debtor that should be pursued by the Trustee under 11 U.S.C. § 323(a). The asset consists of a potential personal injury claim by the Debtor, Kearina S. Brizendine, as a participant in a class action lawsuit.

2. If the Chapter 7 case is reopened, the Trustee will withdraw his no-asset final report, and collect and distribute the settlement proceeds.

3. Debtor did not list the asset in her sworn bankruptcy schedules. Thus, the asset in question has not been abandoned by the Trustee because "under 11 U.S.C. 554(c), only scheduled property, not otherwise administered, is deemed abandoned to the debtor when the case is closed." *In re Sharp,* 244 B.R. 889, 892 (Bkrtcy.E.D.Mich. 2000), citing *Jeffrey v. Desmond,* 70 F.3d 183, 186 (1st Cir. 1995).

4. The Trustee in Bankruptcy is a party-in-interest with standing to file a motion to reopen a closed Chapter 7 case. *See In re Winebrenner,* 170 B.R. 878 (Bankr. E.D.Va. 1994); *White v. Boston,* 104 B.R. 951, 954 (S.D.Ind.1989); *In re Stanke,* 41 B.R. 379 (Bankr.W.D.Mo.1984).

5. There is adequate cause for the Court to grant this motion. "Where, as here, the court finds that there is an asset of the estate which may be administered, the possible return of money to the estate justifies the reopening of the case." *In re Petty,* 93 B.R. 208 (9th BAP 1988), citing *In re Ward,* 60 B.R. 660, 663 (Bankr.W.D.La.1986). Bankruptcy Courts have specifically held that the possibility that a Trustee could realize assets for the estate by pursuing causes of action provides cause to reopen a Chapter 7 case. *In re Winebrenner,* 170 B.R. 878 (Bankr. E.D.Va. 1994); *In re Winburn,* 196 B.R. 894 (Bankr.N.D.Fla. 1996). See also *Johnson v. Trust Company Bank,* 223 Ga.App. 650, 478 S.E.2d 629 (1996) (case reopened to allow debtor to amend his schedules to include tort claim against bank).

6. There is no statutory time limit on reopening a Chapter 7 bankruptcy case. *See In re Winburn,* 196 B.R. 894 (Bankr.N.D.Fla. 1996) (case reopened over four years after closing to

allow U.S. Trustee to collect state court judgment for benefit of debtor's creditors); *In re Thomas,* 72 B.R. 841 (Bankr.E.D.NY. 1987) (bankruptcy case reopened five years after closing to commence proceeding to avoid fixing of liens absent showing of prejudice by lien claimant).

7. The Trustee respectfully requests that the fee for reopening this case be deferred, as the Estate has no funds with which to pay said fee at this time. However, the Trustee will collect the settlement proceeds and will pay said fee to the Court immediately upon receipt of such proceeds.

WHEREFORE, the Trustee prays that this Court will reopen this Chapter 7 case so that he may preserve this asset for the benefit of the creditors in this case.

Respectfully submitted this 16th day of October, 2020.

*/s/ Tazewell T. Shepard*
Tazewell T. Shepard
*Trustee in Bankruptcy*
P. O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
Fax: (256) 512-9837

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon Richard M. Blythe, Esq., Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35602, and upon those parties listed on the Clerk's Certified Matrix by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail, postage prepaid this the 16th day of October, 2020.

*/s/ Tazewell T. Shepard*
Tazewell T. Shepard