# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DITRICT OF ALABAMA
# NORTHERN DIVISION

| | | | |
|---|---|---|---|
| In re: | Kearina S. Brizendine | ) | Case No.: 12-83686-CRJ-7 |
| | SSN: xxx-xx-5968 | ) | |
| | | ) | |
| | Debtor. | ) | Chapter 7 |

## MOTION FOR APPROVAL FOR PAYMENT OF PROFESSIONAL FEES

COMES NOW the duly appointed and acting Trustee in the above styled Chapter 7 case, and shows unto the Court as follows:

1. The Court has previously approved the Trustee's application to employ Nicole Berg, Esq. and Keller Lenkner, LLC as Special Counsel.

2. The said professional has now submitted a final bill for services rendered. The total amount of fees requested as payment is $11,187.09, consisting of $11,187.09 in attorney's fees, plus expenses totaling $0.00. Said attorney's fees are calculated at 26.25% of the gross settlement amount. The attorney has not made previous application for payment in this case.

3. No agreement exists between Special Counsel and any other person or entity whatsoever for the sharing of requested compensation or expenses in this case.

4. This application is brought under the provisions of Sections 327, 328 and 330 of the United States Bankruptcy Code and Bankruptcy Rule 2016.

5. The personal injury/product liability claims arise from Debtor being implanted with a medical product, which claims were consolidated in multidistrict litigation. The fees and expenses requested by Special Counsel are justified based on their extensive experience and work in resolving the claims.

6. Special Counsel's requested fee is reasonable given the nature and complexity of the personal injury/product liability claims. The firm completed the following tasks: work-up and case evaluation, obtained medical records, researched failed product, researched best filing venue, and prepped and attended hearing.

WHEREFORE, the Trustee requests that the Court:

1. Set a hearing on said requested compensation and expenses; and

2. Enter an Order approving such compensation and expenses and authorizing the Trustee to pay same; and

3. Granting other and further relief as the Court deems just and proper.

Respectfully submitted this 22nd day of December, 2021.

>/s/ Tazewell T. Shepard
>Tazewell T. Shepard
>*Trustee in Bankruptcy*
>**SPARKMAN, SHEPARD & MORRIS, P.C.**
>P.O. Box 19045
>Huntsville, AL  35804
>(256) 512-9924

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon those parties as found on the Clerk's Certified Matrix and upon the following by electronic service through the Court's CM/ECF system and/or by depositing same in the United States mail, postage prepaid, this 22nd day of December, 2021.

| | |
|---|---|
| Laura Yaeger, Esq. *Special Counsel* Yaeger Law, PLLC 834 3rd Avenue, S. Tierra Verde, FL  33715 | Nicole C. Berg, Esq. *Special Counsel* Keller Lenkner, LLC 150 N. Riverside Plaza, Ste 4720 Chicago, IL  60606 |
| Richard M. Blythe, Esq. *Bankruptcy Administrator* P.O. Box 3045 Decatur, AL 35602 | Bayer Corporation* *Defendant* |
| Sidley Austin, LLP Alycia Degen, Esq. *Attorney for the Defendant* 555 West Fifth Street Los Angeles, CA  90013 | Kearina S. Brizendine *Debtor* 825 Jacobs Avenue Bridgeport, AL 35740 |

>/s/ Tazewell T. Shepard
>Tazewell T. Shepard
>*Trustee in Bankruptcy*

* Due to the confidential nature of the settlement, the Defendant's name has been redacted from this pleading.